UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

PRO SE PRISONER CIVIL RIGHTS
COMPLAINT

CASE NO. 13CV1157 PS

PLAINTIFF(S) [Write the name(s) of the person(s) complaining]

EDWARD LURRY JR,

_____

_____

_____

_____

vs.

DEFENDANT(S) [Write the name(s) of every person you are suing. If
you do not know a name, write "John Doe" or "Jane Doe." Include the
defendant's rank or title and place of employment if you know it.]

Warden Ford - Warden, Hartford C.C.          Personal / Professional Capacity

Warden Chapdelaine - Warden Osborn C.I.      Personal / professional capacity

Commissioner Dzurenda - Corrections Commissioner   Personal / professional capacity

Supervisor Richard Anderson - P.O. Supervisor   Personal / Professional Capacity

P.O. Karen Lindley - 300 Sheldon St. Hartford, CT   Personal / Professional Capacity

P.O. Carolyn Mullin - 300 Sheldon St. Hartford, CT   Personal / Professional Capacity

Erika Tindill - Chm B.O.PP. 55 W. Main St. Wtby, CT   Personal / Professional Capacity

Counselor Supervisor Clapp - Osborn C.I.     Personal / Professional Capacity

Officer P.O. Cardona - Hearing office Osborn C.I.   Personal / Professional Capacity

Rev. 6/19/13

**Complete every section and SIGN THE LAST PAGE.** The Court cannot give you legal advice, so if you need help, you should call Inmate Legal Assistance at 1-800-301-ILAP (4527). It is a good idea to ask ILAP to review your complaint before you send it to the Court, to make sure that your allegations describe the kind of claim that you can make in federal court and minimize the risk that your case will be dismissed for failure to state a good legal claim.

**A.    JURISDICTION**

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities.  Check **one**.

I can bring my complaint in federal court because I am suing:

1.    _____✓_____ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983; OR

2.    _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.


**B.    PLAINTIFF(S)** (THE PERSON(S) FILING THIS COMPLAINT)

If there are more than two plaintiffs, attach additional pages. Provide items a, b, and c for each additional plaintiff.

1.    First Plaintiff

    a.    Full Name: Edward Lurry Jr.

    b.    Inmate Number: 261182

    c.    Correctional facility: OSBORN C.I.

    d.    State of citizenship: Connecticut

2.    Second Plaintiff

    a.    Full Name:

    b.    Inmate Number:

    c.    Correctional facility:

    d.    State of citizenship:

Rev. 10/14/09                                    2

**C.   DEFENDANT(S)** (THE PERSON(S) WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

If you are suing more than six people, attach additional pages. **Provide items 1, 2, and 3 for each additional defendant.**

1.   <u>First Defendant</u>

   a.   Full Name: (WARDEN) Ford

   b.   Rank or Title: WARDEN

   c.   Workplace: Hartford county Jail  HFFd, CT.

2.   <u>Second Defendant</u>

   a.   Full Name: (warden) chapdellane

   b.   Rank or Title: WARDEN

   c.   Workplace: OSBORN C.I.  Somers, CT.

3.   <u>Third Defendant</u>

   a.   Full Name: (COMMISSIONOr) Dzurenda

   b.   Rank or Title: Commissioner of D.O.C.

   c.   Workplace: 24 wolcott Hill Rd  wethersfield CT.

4.   <u>Fourth Defendant</u>

   a.   Full Name: Chm. Tindill

   b.   Rank or Title: Chairmen of B.O.P.P.

   c.   Workplace: 55 W. Main st.  wtby, CT.

5.   <u>Fifth Defendant</u>

   a.   Full Name: Richard Andersen

   b.   Rank or Title: parole supervisor

   c.   Workplace: 300 sheldon st.  HtFd, CT.

6.   <u>Sixth Defendant</u>

   a.   Full Name: Karen lindley

   b.   Rank or Title: Parole officer

   c.   Workplace: 300 sheldon St.  HtFd, CT.

C.

a. Carolyn Mullen

b. Parole officer

c. 300 Sheldon st. HTFD, CT.

a. C.S. Clapp

b counselor supervisor

c. Osborn C.I.    Somers, ct.

a. Hearing officer Cardena

b. Parool Hearing officer

c. 55 w main sts. wtby ct. — Osborn C.I.

**D.    PREVIOUS LAWSUITS RELATED TO THIS CASE**

Tell the Court if any plaintiff has filed other state or federal
lawsuits involving these defendants or events. If you need more
space, attach additional pages. **Provide items a-d for each case.**

1.    First Lawsuit

    a.    Court and Date filed:  N/A

    b.    Caption and Docket No.:

    c.    Briefly, what was this lawsuit about?

    d.    Did you win or lose?  If you lost, did you appeal? If you
       appealed, what did the appeals court say?

2.    Second Lawsuit

    a.    Court and Date filed:   N/A

    b.    Caption and Docket No.:

    c.    Briefly, what was this lawsuit about?

    d.    Did you win or lose?  If you lost, did you appeal? If you
       appealed, what did the appeals court say?

3.    Third Lawsuit

    a.    Court and Date filed:    N/A

    b.    Caption and Docket No.:

    c.    Briefly, what was this lawsuit about?

    d.    Did you win or lose?  If you lost, did you appeal? If you
       appealed, what did the appeals court say?

**E.   OTHER LAWSUITS**

Tell the Court if any plaintiff has filed other federal lawsuits in this court within the past ten (10) years. If you need more space, attach additional pages. **Provide items a-d for each case.**

1.   First Lawsuit

    a.   Court and Date filed:   N/A

    b.   Caption and Docket No.:

    c.   Briefly, what was this lawsuit about?

    d.   Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?

2.   Second Lawsuit          N/A

    a.   Court and Date filed:

    b.   Caption and Docket No.:

    c.   Briefly, what was this lawsuit about?

    d.   Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?

3.   Third Lawsuit

    a.   Court and Date filed:       N/A

    b.   Caption and Docket No.:

    c.   Briefly, what was this lawsuit about?

    d.   Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?

Rev. 10/14/09                          5

**F.   REASON FOR COMPLAINT**

WARNING: Common mistakes can get your case **dismissed as frivolous or for failure to state a good legal claim.**  If this happens, you will still have to pay the filing fee, even if you are proceeding *in forma pauperis*. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Assistance at 1-800-301-ILAP (4527) before you file.

1.   Failure to use the prison grievance process before suing. You can generally only sue for events that you have already complained about through the prison grievance process. If you have not followed all the steps in the grievance process before you come to court, the defendants may be able to get your case dismissed for "failure to exhaust administrative remedies." If your case is dismissed, you will lose your filing fee.

2.   Complaining about incidents that happened a long time ago: You can generally only sue for events that happened within the last three years. If you are suing over events that happened earlier than that, the defendants may be able to get your case dismissed under the statute of limitations. If your case is dismissed, you will lose your filing fee.

3.   Suing people who were not personally involved: You can generally only sue defendants who were directly involved in harming you. In order to sue a supervisor, you must usually show that the supervisor both knew about the actions of other defendants and failed to stop them. Just being a supervisor usually is not enough.

4.   Suing defendants who have immunity to suit for money damages: You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Assistance first, or your case may be dismissed on the basis of immunity and you will lose your filing fee.

5.   Complaining about a criminal conviction or prison disciplinary

proceeding that resulted in loss of good time credits or other change to your time in prison. If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case. **The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim.** Until then, your best strategy is to call the Inmate Legal Assistance Program at 1-800-381-ILAP before you file a complaint. **If Inmate Legal Assistance says you do not have a good case, you should consider that advice very seriously.**

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to **be specific about dates, times, and the names of the people involved.** It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift.  If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

**Here is an example of the proper way to describe your claims:**

Example of Statement of Case

1. On April 1, 2007, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse.  Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed him my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful.  I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.

Statement of Case

1.

2.

3.

4.

5.

6.

7.

8.

1. On May 22nd 2013 I was remanded to the D.O.C. custody, escorted to the Hartford County Jail by Parole officers Karen Lindley and Carolyn Mullin

2. On May 28th 2013 at Hartford County I requested on FORMS CN9601 inmate request, to be provided with the time, Date and location of my revocation Hearing as I am rightfully entitled to per Administrative Directive 9.2 Section 13 (a)(b)(c). I did not recieve A response from counselor, counselor supervisor, unit manager or warden. I was transfered from Hartford County to Osborn C.I. MAY 30 2013

3. May 30, 2013 I was transferred to and Housed in Osborn C.I. unit-B. I wrote, counselor welden, counselor supervisor clapp, Parole officer Mullin, Parole officer supervisor Richard Anderson, Board of Pardons and Parole chairmen Erika Tindill, P.O. Hearing officer Cardona, P.O. F. Watton, P.O. J. Defayo, Commissioner Dzurenda, P.O. Crawford, P.O. Jincks, weekly and to other of officers mentioned bi weekly, informing them all that I am entitled to notification of time, date, and location of Parole revocation Hearing within 72 hours and Also entitled to a Reclassification Hearing within 14 Days of reincarceration. I did not recieve A Response from any officer mentioned Above.

4. Per Administrative Directive 9.2 section 13 (a)(b)(c)(d), from the Day of reincarceration May 22 2013, on May 28th 2013 the 72 hours time limit Described in Administrative Directive 9.2. sec. 13 (a)(b)(c)(d) Had elapsed in Hartford County Jail. From the Day I was transferred from Hartford County Jail to Osborn C.I. which was May 30th 2013 the 72 hours time limit Described in Administrative Directive 9.2. sec. 13 (a)(b)(c)(d) Elapsed on JUNE 4, 2013. I Did not recieve Any response to Any CN9601 inmate request form I'd submitted at Hartford County or Osborn C.I. in regard to my requests for Reclassification Hearing and Notification of time, Date, AND location of Parole revocation Hearing.

on 6-19-13
5. I wrote Grievances to warden Chapdelaine in regard to this Due process rights violation I also wrote Grievances to chairman of Board of Pardons and Paroles Erika Tindill, P.O. Carolyn Mullin, P.O. supervisor richard anderson. Warden Chapdelaine sent my Grievance back with A one word response to these issues, "Denied", which I immediately Appealed July 5, 2013 and as of Yet I Have Not recieved A Response back to my appeal NOR A Notification of time, Date and location of revocation Hearing or A Reclassification Hearing per ADMIN. Directive 9.2 or Anything in writing, or even verbal, as to Reason for increase in risk level Status.

6. Section D. (1) of Admin. Directive 9.2. section 13 States that all remands shall be Documented on Form CN9202. I Never recieved A copy. Accordingly I was also entitled to paperwork regarding violation of special Parole in order to prepare myself for revocation. I Did not recieve anything within 72 hours, within 14 Days regarding Hearing or reclassification. Also, I've never been found Guilty of any Disciplinary matter under ADMIN. DIR 9.5

7. According to D.O.C. ADMIN. Directive 9.2 section 13, Risk level increases from overall Risk level 1 inmates remanded back to custody and whose community transfer has been revoked requires a Risk level Reclassification Hearing within 14 Days unless cause requires an extension beyond the 14 Day limit

8. The above Applies to me, I was classified as a Risk level 1 and granted community release to Halfway House in Hartford, CT. (Wethkinson House) Febuary 28, 2013 Due to my lack of appropriate Housing or sponsorship. under the eligibility criteria D.O.C. Administrative Directive 9.2 sect. 11-13 1 and 2. This clause is included to anyone who is released under transitional supervision, residential program placement and parole status.

9. under Directive 9.2. sect. 13 a, b, c, a statement of reasons for proposed risk level increase, plus any Documents pertaining to such statement of reasons, a notification of the time, Date, and location of a hearing, and a Statement informing me that I Have the right to appear at such Hearing with a Correctional Advocate as a representative, This should've been provided to me by a parole-supervisor within 72 hours of Re-incarceration.

10. on July 8th 2013 in the Dining Area here at osborn C.I., I spoke with Warden chapdeliane in regard to Grievance appeal Decision regarding reclassification Hearing and notice of time Date and Location of revocation Hearing which still had not and Have not been given to me. she promised me that she would look into these issues, I've never Heard from her in person or in writing since July 8th 2013.

11. My right to Due process under the 4th and 14th amendments were violated by Having Had My risk level 1 community release status revoked without a required Hearing, nor having been given paperwork regarding Statement of reason by a parole-supervisor, nor Having Received anything in writing from Counselor supervisor at HCC. nor O.C.I as to reason for an increase in risk level, nor having been found Guilty of any Disciplinary matter under Administrative Directive 9.5

12. The Deprivation of a hearing consequently resulted in unjustified incarceration, Thereby also violating the cruel and unusual punishment clause of the 8th Amendment

13. I Have meanwhile exhausted all administrative remedies and when I last spoke with counselor supervisor clapp regarding those issues He Denied, and Denies, Having responsibility in this matter Despite the facts written in sect. 13 of admin. Directive 9.2.

## G.   REQUEST FOR RELIEF

Tell the court what kind of relief you want. **Remember:** (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court-appointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits. For any of these, you must pursue a Writ of Habeas Corpus.

Punitive Damages

Moratory Damages

Nominal Damages

Compensatory Damages

## H.   Do you wish to have a jury trial? Yes __✓__   No_____

## I.   DECLARATION UNDER PENALTY OF PERJURY

Warning: **You must sign this** or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge.  I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000.  See 18 U.S.C. Sections 1621, 3571.

Signature: _Edward Furry JR_

Signed at ___Osborn C.I.___   on ___7-23-2013___
                **(Location)**                    **(Date)**

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. **The complaint cannot be filed without a signature from each plaintiff.**

## J.   FINAL INSTRUCTIONS

WARNING: **Your complaint will not be filed** unless you complete each of these steps:

1.   Sign the Declaration under Penalty of Perjury on p. 9

2.   Be sure to include the date with your signature on p. 9

3.   Enclose a check for $350 (payable to "Clerk, United States District Court") **OR** a completed Application to Proceed In Forma Pauperis

4.   Enclose **one** copy of the complaint for the Clerk's Office. You do not need to send a copy for each defendant.

5.   Send the complaint plus either your application for IFP status or your check for $350 (payable to "Clerk, United States District Court") to one of the addresses below:

   - CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 915 LAFAYETTE BOULEVARD, BRIDGEPORT, CT 06604.

   - CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 450 MAIN ST, HARTFORD, CT 06103

   - CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 141 CHURCH ST, NEW HAVEN, CT 06510

Remember, the Clerk cannot file your complaint unless you take all of the steps above.